UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERLEAN C. MCCARTHY, REGINALD V. MARTINES, III, CARL R. SMITH, EDWARD M. CAMPELL AND LAKE FOREST MANAGEMENT, LLC, AND OTHER PERSONS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 05-3719 |
| LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP AND XYZ INSURANCE COMPANY | SECTION C |

### ORDER & REASONS

Before this Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 5) filed by Defendant, Linebarger, Googan, Blair & Sampson, LLP ("Defendant" or "Linebarger"). Plaintiffs oppose the motion. The motion is before the Court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

### I. BACKGROUND

On March 5, 1998, the New Orleans City Council adopted an ordinance to assist in the collection of delinquent *ad valorem* taxes. This ordinance authorized the collection of

delinquent *ad valorem* taxes through private parties and also implemented "additional penalty for collections cost." Code City of New Orleans § 150-46.3, Ord. No. 18637. In February 2002, this ordinance was amended by Ordinance No. 020556, which provided a "legal mechanism to challenge the imposition of collection of penalties by paying such penalties under protest, and to otherwise to provide with respect thereto." The City of New Orleans hired Linebarger to aid in the collection process. In exchange for its services, Linebarger received a percentage of the delinquent taxes, penalties and interest that they actually collected.

Numerous lawsuits have been filed in both the State and Federal Courts regarding this ordinance. Most notably, a class of plaintiffs filed a suit in this Court challenging the constitutionality of the ordinance. *See, Washington v. Linebarger, Goggan, Blair Pena & Sampson, LLP, et. al.*, 2002 WL 1000972 (E. D. La.). The Court dismissed the case for lack of subject matter jurisdiction, finding that the Tax Injunction Act, 28 U.S.C. § 1341, precluded federal court jurisdiction because the challenged penalty was a tax, not a fee, and there was a plain, speedy and efficient State Court remedy. *Id.* at *1. The Fifth Circuit upheld that decision. *See, Washington v. Linebarger, Goggan, Blair Pena & Sampson, LLP, et. al.*, 338 F.3d 442 (5th Cir. 2003).

Plaintiffs herein are a class of Orleans Parish residents, who demand a refund of penalties assessed for *ad valorem* taxes owed to the City of New Orleans. They claim that the penalties constitute an illegal and unethical legal fee to Linebarger. Plaintiffs contend that Linebarger did not do an appropriate amount of work to earn the twenty-eight million dollars ($28,000,000) that it allegedly received from the collection of delinquent taxes.

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule(b)(6) motion. *U.S. v. City of New Orlenas,* 2003 WL 22208578 at *1 (E.D.La.); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). The moving party bears the burden of showing that the "plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief." *Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.3d 879, 881 (5th Cir. 1986). The reviewing court "must accept all well-pleaded factual allegations in the light most favorable to the non-moving party." *American Waste & Pollution Control Co. v. Browning Ferris Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). Conclusory allegations or legal conclusions however will not suffice to defeat a motion to dismiss. *See, Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.,* 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted).

## III. ANALYSIS

In their petition, Plaintiffs allege that this Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. This statute provides that a district court has jurisdiction to hear a case when the plaintiffs have different citizenship than the defendants and at least $75,000 is in issue. In this case, Plaintiffs' allege that Linebarger unjustly received twenty-eight million dollars

($28,000,000) and pray for its return.  Thus, the jurisdictional amount is more than satisfied.

However, there is a question concerning diversity of citizenship, which must exist at the time the case is filed.  *See, Freeport-McMoRan v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 859, 60112 L.Ed.2d 951 (1991) (citations omitted).  Plaintiffs, a class of Orleans Parish residents, are all citizens of Louisiana.  Defendant, Linebarger, is a law partnership, which is organized under the laws of Texas and has its principal place of business in Texas.  However, the citizenship of a partnership is determined by the citizenship of all of its members, not its place of organization or principal place of business.  *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), *citing, Chapman v. Barney,* 129 U.S. 667, 682, 9 S.Ct. 426, 427, 32 L.Ed. 800 (1889).

Linebarger argues that it is a citizen of Louisiana because one of its partners, Phillipa Bowers ("Ms. Bowers") was a citizen of Louisiana at the time the suit was filed.  Plaintiffs concede that Ms. Bowers was a citizen of Louisiana at all pertinent times, however, they argue that she should not be considered a partner for diversity purposes.  Specifically, Plaintiffs argue that Ms. Bowers is not a party in interest in this suit because she is not a voting partner and therefore, her citizenship should not be included when determining the citizenship of the partnership.

Plaintiffs' argument fails.  In *Carden*, the United States Supreme Court found that the citizenship of all partners dictate the citizenship of the partnership. *Id.*  Linebarger, like Arkoma Associates in *Carden*, is a single artificial entity.  It is the only party before the court.  Its individual members are not being sued.  Therefore, the party in interest doctrine is inapplicable and the citizenship of all partners is considered in determining the citizenship of the partnership.

Plaintiffs and Defendant both concede that Ms. Bowers was a citizen of Louisiana at all pertinent times. Linebarger also provided Ms. Bowers' voter registration information, driver's licence and proof of home ownership in Louisiana to demonstrate this fact. Accordingly, because Ms. Bowers, a partner of Linebarger, was a Louisiana citizen at the time the suit was filed, Linebarger was also a Louisiana citizen. Thus, there is no subject matter jurisdiction under 28 U.S.C. § 1332.[1]

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss is **GRANTED** .

New Orleans, Louisiana, this 18th day of September, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] In light of this ruling, it is not necessary to consider whether the case should also be dismissed under the Tax Injunction Act.