UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERLEAN C. MCCARTHY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    05-3719** |
| **LINEBARGER, GOGGAN, BLAIR & SAMPSON, L.L.P., ET AL** | **SECTION: "C" (4)** |

## ORDER

Before the Court is a **Motion to Compel Discovery (doc. #36)** filed by the plaintiffs Jerleane C. McCarthy, Reginald V. Martinez, III, Carl R. Smith, Edward M. Campbell, Lake Forest Management, L.L.C., and other persons similarly situated (collectively "the plaintiffs") seeking an order from this Court compelling defendant Linebarger, Goggan, Blair & Samspon, L.L.P. ("Linebarger") to answer certain requests for production originally propounded on on  December 20, 2005.

Linebarger timely filed an opposition motion.

**I.    Factual Background**

On November 7, 1997, Linebarger entered into a contract with the City of New Orleans to collect delinquent ad valorem real estate taxes.  This contract ended on March 31, 2005.  On August 8, 2005, the plaintiffs filed this diversity action alleging that Linebarger violated state law when it collected 30% of the delinquent ad valorem real estate taxes due to the City of New Orleans.

Plaintiffs allege two different cause of action.  The first is that Linebarger's receipt of the 30% fee is an attorney fee and the amount violated its ethical obligation not to accept an unearned or exorbitant fee.

Alternatively, if the 30% fee was not an attorney fee, then Linebarger was not acting as a law firm but as a debt collection agency and the plaintiffs allege it failed to register as a debt collector as required by state law.  The plaintiffs seek the return of all fees received by Linebarger that violate state law.  The plaintiffs allege this is approximately 28 million dollars.

In response, Linebarger filed a motion to dismiss for lack of subject matter jurisdiction.  In its motion, Linebarger alleges that the Tax Injunction Act bars the federal district courts from interfering with the administration of state and local tax systems if an efficient remedy is available in state court. See § 28 U.S.C. 1341.  Indeed, counsel for the plaintiffs brought a similar suit against the City of New Orleans, Linebarger[1], and United Governmental Services of New Orleans, in 2002 which the District Court dismissed as barred by the Tax Injunction Act.[2]  The Fifth Circuit affirmed the dismissal.  *See  Washington v. Linebarger, Goggan, Blair, Pena & Sampson, L.L.C.*, 338 F.3d 442 (5th Cir. 2003).  Here, however, the plaintiffs only sued Linebarger and its insurer, allege pure state law causes of action, and claim subject matter jurisdiction under diversity jurisdiction.

Linebarger also argues in its motion to dismiss  that diversity jurisdiction is improper because one of the partners of Linebarger, Phillipa Bowers,  is a Louisiana citizen, and under the Supreme Court's ruling in *Carden v. Arkoma*, a limited partnership is a citizen of each state in which

---

[1] In the previous suit Linebarger was sued as Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P.

[2] *See* 2002 WL 1000972.

its partners-both general and limited-hold citizenship. *Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990)).

In response to two sets of requests for production, one merits based request and one jurisdictional based request, Linebarger filed a motion for protective order to stay all discovery pending a ruling by the District Court on Linebarger's motion to dismiss for lack of subject matter jurisdiction.

During the hearing the before this Court, the parties agreed to the deposition of Bowers for March 7, 2006. The Court then issued an order granting the protective order for all merits based discovery. (*See* Rec. Doc. No. 48).

Subsequent to Bowers's deposition on March 7, 2006, the plaintiffs filed this motion to compel relating to the jurisdictional based discovery originally propounded on December 20, 2005.

## II.     **Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party. However, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2).

The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979).

Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

When defending against a jurisdictional motion, "[i]t is true that a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Parish of Jefferson*, 1996 WL 144400 at *2 (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990). It is axiomatic that a party be given "an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Rogers v. Stratton Indus*. 798 F.2d 913, 918 (6th Cir. 1986).

**III.   Analysis**

In support of their motion to compel, the plaintiffs allege that the deposition of Bowers brings into question whether Bowers is only a nominal partner and therefore, the plaintiffs allege that she may not be a real party in interest to this litigation and her citizenship would not be controlling on the issue of diversity. The plaintiffs contend that the requests for production will elicit whether Bowers is solely a nominal partner and not a real party in interest to the litigation. In particular, the plaintiffs contend that the partnership agreement between Bowers and Linebarger will fill in the informational gaps found in Bowers's testimony.

The plaintiffs also allege that in this case, it is not whether Bowers is a partner in the limited partnership that controls whether her citizenship is analyzed to determine diversity, rather it is whether she is a real party in interest to the litigation that determines diversity. The plaintiffs allege

that the Supreme Court's holding in *Navarro Savings Association v. Lee* illustrates that if a party is a nominal party, its citizenship is not relevant to determining diversity jurisdiction.

Linebarger alleges that *Navorro* is not applicable to this case because ten years after *Navarro*, the Supreme Court definitively held in *Carden* that the citizenship of a partnership is the citizenship of all its members, no matter the status of the partners. Accordingly, they allege that the real party analysis espoused by the plaintiffs is not applicable to determining the citizenship of a partnership. In a footnote, Linerbarger alleges that the information sought by the plaintiffs is confidential and should not be produced without a confidentiality agreement.

As noted in its previous Order of May 16, 2006, the Court analyzes whether the jurisdictional based discovery relates to Bower's status as a partner in the Linebarger firm for purposes of determining diversity jurisdiction. The Court notes that under the Supreme Court's holding in *Carden*, the real party in interest test is not applied when determining the status of a partnership.

During the hearing on this matter, the Court questioned Linebarger's counsel about Bowers's lack of knowledge evinced by her responses during the deposition. For example, when counsel for the plaintiffs questioned Bowers whether she knew "[h]ow is it determined who's on the management committee," she answered "I am not quite sure." (*See* Pl. Mtn. Ex. A at 32). When counsel for the plaintiff questioned Bowers about whether, as a capital partner, she has potential liability, she answered, "I don't know." *Id.* at 35. When asked whether, as a capital partner, she had any voting rights, Bowers answered, "I believe there are voting rights. And specifically what they are, I don't know." *Id.* at 42. Counsel for Linebarger could not adequately explain how an alleged equity partner in a law firm had no knowledge of these matters.

Further, during the hearing, counsel for the plaintiffs indicated that for purposes of the pending motion to dismiss and because of Bowers's inability to answer simple questions about the partnership structure during the deposition, they specifically sought the partnership agreement. Because of Bowers' inability to answer basic questions about the partnership structure of a firm she is a partner of, the Court ordered that Linebarger produce the agreement and all subsequent amendments that would show that Bowers was an equity partner as it alleged. Because the plaintiffs specifically sought only the agreement, the Court denies the motion as to all other issues. Both parties then agreed to produce the documents subject to a protective order.

Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Compel Discovery (doc. #36)** is **GRANTED IN PART** and **DENIED IN PART.** It is granted to the extent that Linebarger is ordered to produce the partnership agreement and all amendments, and denied in all other respects.

New Orleans, Louisiana, this  18th  day of September 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**